UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10622-GAO

MATTHEW TORDA,
ANNA TORDA and JOSEPH TORDA,
                   Plaintiffs,

v.

STEPHE SUZANNE KASANOF
a/k/a STEPHANIE KAGARNOF
a/k/a STEPHANIE KASANOT
a/k/a STEPHANIE TORDA a/k/a
STEPHANIE S. KATZ,
TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, INC., and
TIAA-CREF INDIVIDUAL &
INSTITUTIONAL SERVICES, LLC,
                   Defendants.

## ANSWER OF DEFENDANTS TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, INC. AND TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, AND COUNTERCLAIM AND CROSS-CLAIM OF TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, INC. AND COLLEGE RETIREMENT EQUITIES FUND

The Defendants, Teachers Insurance and Annuity Association of America and TIAA-CREF Individual & Institutional Services, Inc. (collectively "Defendants"), by and through their attorneys, Posternak Blankstein & Lund, LLP, answer the allegations in the Complaint of the plaintiffs, Mathew Torda, Anna Torda, and Joseph Torda ("Plaintiffs"), as follows:

     1.     In answering Paragraph 1, Defendants admit, on information and belief, that the Plaintiffs are the three (3) children of the late Walter Ira Torda ("decedent"), that the decedent died on November 17, 2003, and that the decedent and Stephanie Suzanne Kasanof entered into a

Separation Agreement dated July 25, 2003, which speaks for itself. To the extent that the remainder of Paragraph 1 contains statements or conclusions of law, no answer is required.

2. The Defendants have insufficient information to either admit or deny the allegations in Paragraphs 2, 3, 4, 5, 8, 9, 10, and 12.

3. The Defendants admit the allegations in Paragraphs 16 and 19.

4. In answering Paragraph 6, the Defendants admit that Teachers Insurance and Annuity Association of America is a duly organized corporation authorized to issue life insurance policies with a regional office located at 28 State Street, Boston, County of Suffolk, MA. Teachers Insurance and Annuity Association of America denies the existence of an entity known as "Teachers Insurance and Annuity Association of America, Inc."

5. The Defendants deny the allegations in Paragraph 7.

6. In answering Paragraph 11, the Defendants admit that the decedent and Stephanie Suzanne Kasanof entered into a Separation Agreement dated July 25, 2003. The Defendants state that the terms and conditions of the Separation Agreement speak for themselves.

7. In answering Paragraph 13, the Defendants state that the terms and conditions of the Separation Agreement speak for themselves.

8. In answering Paragraph 14, the Defendants admit that at the time that the decedent and Stephanie Suzanne Kasanof entered into a Separation Agreement, the decedent owned a TIAA life insurance policy (no. 07654676) and TIAA-CREF annuities, listed under Contract Nos. L0567747, M0567745, 26172346, 16172348, 28886372 and 18886374. The Defendants state that the decedent had formerly purchased annuity contracts from TIAA-CREF listed under Contract Nos. B7832575, K6800656, Q7832572, and J6800658, but that these annuity contracts were depleted of all funds by the decedent prior to his death. The Defendants

ID # 388942v01/3060-22/ 04.09.2004

have insufficient information to either admit or deny the allegation regarding the decedent's ownership interest in a Smith Barney Citigroup individual retirement account. To the extent that the remainder of Paragraph 14 makes conclusions of law, the Defendants state that the terms of the Separation Agreement speak for themselves and that no answer is required.

9. In answering Paragraph 15, the Defendants admit that Stephanie Suzanne Kasanof has claimed an interest in the TIAA life insurance policy and TIAA-CREF annuity contracts purchased by Walter Ira Torda. To the extent that the remainder of Paragraph 15 makes conclusions of law, the Defendants state that the terms of the Separation Agreement speak for themselves and that no answer is required.

10. In answering Paragraph 17, the Defendants admit that in recognition of the competing claims made by the Plaintiffs and Stephanie Suzanne Kasanof for benefits under the TIAA life insurance policy and the TIAA-CREF annuity contracts, the Defendants suggested that interpleading the disputed funds may be appropriate. The Defendants admit that it encouraged the parties to reach a settlement as to the division of any disputed claims regarding the TIAA life insurance policy and the TIAA-CREF annuity contracts. The Defendants have insufficient information to either admit or deny the remaining allegations in Paragraph 17.

11. The Plaintiffs make no allegations regarding issues of fact or law in Paragraphs 18 and 20 of his complaint and therefore no response is required. To the extent that a response is required, the Defendants refer to the answers to individually numbered paragraphs as set forth herein.

12. To the extent that Paragraph 21 makes a conclusion of law, the Defendants state that no answer is required.

ID # 388942v01/3060-22/ 04.09.2004

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Any claims made by the Plaintiffs under Massachusetts or any law other than the Employee Retirement Income Security Act ("ERISA"), are pre-empted by the terms of ERISA, 29 U.S.C. §1144(a).

### Third Affirmative Defense

TIAA-CREF's decision to deny any of the proceeds under the TIAA-CREF contracts at issue is subject to review, if at all, only on the basis of whether TIAA-CREF acted arbitrarily or capriciously. TIAA-CREF did not do so.

### Fourth Affirmative Defense

In light of the competing claims for the benefits available under that certain life insurance policy and annuity contracts purchased by the decedent, and TIAA-CREF's resulting exposure to double or multiple liability, TIAA-CREF is entitled to deposit the disputed funds in a court-approved interest-bearing account or invest the funds in a court-approved interest-bearing instrument and to be thereafter dismissed from this litigation.

### Fifth Affirmative Defense

The defendant TIAA-CREF Individual & Institutional Services, LLC is not properly named as a party to this case.

### Sixth Affirmative Defense

The defendant Teachers Insurance and Annuity Association of America, Inc. is not properly named as a party to this case.

## CROSSCLAIM AND COUNTERCLAIM FOR INTERPLEADER PURSUANT TO FRCP 22

Teachers Insurance and Annuity Association of America ("TIAA") and College Retirement Equities Fund (collectively, "TIAA-CREF") file this counterclaim against the plaintiffs, Mathew Torda, Anna Torda, and Joseph Torda (the "Tordas"), and this cross-claim,

against the named codefendant, Stephanie Suzanne Kasanof ("Kasanof"), requesting, *inter alia*, an order allowing TIAA-CREF to deposit the interpleader funds at issue in this case into the Court. As grounds for its motion, TIAA-CREF states as follows:

1. The counterclaim and cross-claim plaintiffs are New York corporations with a principal place of business located at 730 Third Avenue, New York, New York.

2. The counterclaim defendants, the Tordas, and the cross-claim defendant, Kasanof, are, on information and belief, residents of the Commonwealth of Massachusetts and the State of new York, respectively. All are claimants to some or all of the proceeds of a TIAA life insurance policy and six TIAA-CREF retirement annuity contracts issued to TIAA-CREF's deceased participant, Walter Ira Torda. The TIAA life insurance policy is listed under Policy No. 07654676 ("Insurance Policy"). The TIAA-CREF annuity contracts are listed under contract numbers L0567747, 26172346, M0567745, 16172348, 28886372 and 18886374 ("Annuity Contracts").

3. Upon information and belief, as a result of and/or as part of divorce proceedings, Walter Torda and Kasanof entered into a separation agreement, on or about July 25, 2003 ("Separation Agreement").

4. Upon information and belief, the Tordas claim that any right or interest provided to Kasanof by the Walter Torda under the Insurance Policy or the Annuity Contracts was terminated via the Separation Agreement.

5. Upon information and belief, Kasarof claims that the Separation Agreement did not address her interest as a beneficiary under the Insurance Policy or the Annuity Contracts.

6. TIAA-CREF does not claim any interest in the proceeds of the Insurance Policy or the Annuity Contracts, excepting its normal and customary administrative expenses and the

costs, expenses and attorneys' fees of this interpleader litigation. Accordingly, TIAA-CREF admits that the Tordas and/or Kasarof are entitled to the proceeds of the Insurance Policy and the Annuity Contracts.

7. Since the Tordas and Kasarof have not been able to resolve among themselves the issues involved in this case and have provided conflicting directions to TIAA-CREF concerning the distribution of the proceeds of the Insurance Policy and the Annuity Contracts, and in light of the potential exposure on the part of TIAA-CREF to multiple or double liability, TIAA-CREF has commenced this counterclaim and cross-claim so as to interplead the disputed funds and to obtain a dismissal from this litigation.

WHEREFORE, TIAA-CREF respectfully requests that the Court enter the following relief:

(a) Dismissing the Plaintiffs' Complaint, with prejudice;

(b) In the alternative, granting TIAA-CREF's request for interpleader set forth in TIAA-CREF's cross-claim and counterclaim;

(c) Awarding TIAA-CREF its costs, expenses and attorneys' fees;

(e) Granting TIAA-CREF permission to deposit into Court the proceeds of the Insurance Policy and the Annuity Contracts;

(f) Permitting TIAA-CREF to deduct, pro rata from the proceeds of the Insurance Policy and/or the Annuity Contracts, its legal expenses and costs and expenses incurred in connection with this interpleader action or, alternatively, that no distribution of any of the proceeds from the Insurance Policy or the Annuity Contracts may occur until TIAA-CREF has first been reimbursed its attorneys' fees, costs and expenses incurred in connection with the interpleader action; and

ID # 388942v01/3060-22/ 04.09.2004

(g)  Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, INC., and COLLEGE RETIREMENT EQUITIES FUND,**

By their attorneys,

Dustin F. Hecker, BBO #549171
Daniel P. O'Brien, BBO #652858
POSTERNAK, BLANKSTEIN & LUND,
The Prudential Tower, 800 Boylston Street
Boston, MA 02199

## CERTIFICATE OF SERVICE

I, Daniel P. O'Brien, do hereby certify that on this ___9th___ day of April, 2004, I served a copy of the within document via first class mail, postage prepaid upon the following:

***Plaintiffs' Attorney:***
James S. Singer
Rudolph Friedmann, LLP
92 State Street
Boston, MA 02109

***CoDefendant Stephanie Suzanne Kasanof:***
Joel Z. Eigerman, Esq.
50 Congress Street, Suite 200
Boston, MA 02109

Daniel P. O'Brien

ID # 388942v01/3060-22/ 04.09.2004