UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10622-GAO

MATTHEW TORDA,
ANNA TORDA and JOSEPH TORDA,
          Plaintiffs,

v.

STEPHE SUZANNE KASANOF
a/k/a STEPHANIE KAGARNOF
a/k/a STEPHANIE KASANOT
a/k/a STEPHANIE TORDA a/k/a
STEPHANIE S. KATZ,
TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, INC., and
TIAA-CREF INDIVIDUAL &
INSTITUTIONAL SERVICES, LLC,
          Defendants.

## MOTION OF TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, INC. AND COLLEGE RETIREMENT EQUITIES FUND TO DEPOSIT FUNDS IN COURT

The defendant, counterclaim and cross-claim plaintiff, Teachers Insurance and Annuity Association of America, Inc. ("TIAA"), and the counterclaim and cross-claim plaintiff, College Retirement Equities Fund (collectively, "TIAA-CREF") request, pursuant to Fed. R. Civ. Pro. 67, an order allowing them to deposit into court the interpleader funds at issue in this case. As grounds for its motion, TIAA-CREF states as follows:

1.    Mathew Torda, Anna Torda, and Joseph Torda (collectively, the "Tordas") and the codefendant, Stephanie Suzanne Kasanof ("Kasanof"), are claimants to some or all of the proceeds of a TIAA life insurance policy and six TIAA-CREF retirement annuity contracts issued to TIAA-CREF's deceased participant, Walter Ira Torda. The TIAA life insurance policy

ID # 389251v01/3060-22/ 04.12.2004

is Policy No. 07654676 ("Insurance Policy"). The TIAA-CREF annuity contracts are contract numbers L0567747, 26172346, M0567745, 16172348, 28886372 and 18886374 ("Annuity Contracts").

2. Upon information and belief, Walter Torda and Kasanof, who had been married to each other, entered into a separation agreement, on or about July 25, 2003 ("Separation Agreement").

3. The Tordas claim that any right or interest provided to Kasanof by the decedent under the Insurance Policy or the Annuity Contracts was terminated via the Separation Agreement and that they therefore are entitled to all proceeds under the Insurance Policy and Annuity Contracts.

4. Kasarof claims that the Separation Agreement did not address her interest as a beneficiary under the Insurance Policy or the Annuity Contracts and that she is entitled to certain benefits under the Insurance Policy and Annuity Contracts.

5. TIAA-CREF does not claim any interest in the proceeds of the Insurance Policy or the Annuity Contracts, excepting its normal and customary administrative expenses and the costs, expenses and attorneys' fees of this interpleader litigation. Accordingly, TIAA-CREF admits that the Tordas and/or Kasarof are entitled to the proceeds of the Insurance Policy and the Annuity Contracts.

6. Since the Tordas and Kasarof have not been able to resolve among themselves the issues involved in this case and have provided conflicting directions to TIAA-CREF concerning the distribution of the proceeds of the Insurance Policy and the Annuity Contracts, TIAA-CREF has filed a counterclaim in this litigation against the Tordas and a cross-claim against Kasarof,

seeking to interplead the disputed funds pursuant to FRCP 22.. TIAA-CREF now seeks an order permitting it to pay into the Court deposit the proceeds at issue.

TIAA-CREF therefore respectfully requests that the Court allow it to pay into Court the proceeds of the Insurance Policy and the Annuity Contracts (as the latter become due).

TIAA-CREF further requests that the Court either permit TIAA-CREF to deduct, pro rata from the proceeds of the Insurance Policy and/or the Annuity Contracts, its legal fees, expenses and other costs incurred in connection with this interpleader action or, alternatively, that the Court order that no distribution of any of the proceeds from the Insurance Policy or the Annuity Contracts may occur until TIAA-CREF has first been reimbursed its attorneys' fees, costs and expenses incurred in connection with the interpleader action.

Respectfully submitted,

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA, INC. and COLLEGE
RETIREMENT EQUITIES FUND,

By their attorneys,

Dustin F. Hecker, BBO #549171
Daniel P. O'Brien, BBO #652858
POSTERNAK, BLANKSTEIN & LUND,
The Prudential Tower, 800 Boylston Street
Boston, MA 02199
617/973-6100

April 12th, 2004

### CERTIFICATE OF SERVICE

I, Daniel P. O'Brien, do hereby certify that on this 12th day of April 2004, I served a copy of the within document via first class mail, postage prepaid upon the following:

3

ID # 389251v01/3060-22/ 04.12.2004

***Plaintiffs' Attorney:***
James S. Singer
Rudolph Friedmann, LLP
92 State Street
Boston, MA 02109

***CoDefendant Stephanie Suzanne Kasanof:***
Joel Z. Eigerman, Esq.
50 Congress Street, Suite 200
Boston, MA 02109

_____
Daniel P. O'Brien

## RULE 7.1 CERTIFICATE

I, Daniel P. O'Brien, do hereby certify that I conferred with counsel for the Plaintiff, James S. Singer, and counsel for the codefendant, Joel Z. Eigerman, in an effort to either resolve or narrow the issues presented in the Motion of Teachers Insurance and Annuity Association of America, Inc. and College Retirement Equities Fund to Deposit Funds in Court.

_____
Daniel P. O'Brien

4

ID # 389251v01/3060-22/ 04.12.2004