UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW TORDA, ANNA TORDA, ) <br> And JOSEPH TORDA, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STEPHE SUZANNE KASANOF a/k/a ) <br> STEPHANIE KAGARNOF a/k/a ) <br> STEPHANIE TORDA a/k/a STEPHANIE ) <br> S. KATZ, TEACHERS INSURANCE ) <br> AND ANNUITY ASSOCIATION OF ) <br> AMERICA, INC., and TIAA-CREF ) <br> INDIVIDUAL & INSTITUTIONAL ) <br> SERVICES, LLC, ) <br> Defendants. ) <br> ) | CIVIL ACTION NO.: 04-10622-GAO |

## PLAINTIFFS' REPLY TO COUNTERCLAIM OF STEPHANIE SUZANNE KASANOF

The Plaintiffs/Defendants-in-Counterclaim Matthew Torda, Anna Torda, and Joseph Torda (hereinafter "Plaintiffs"), hereby reply to the Counterclaim of the Defendant/Plaintiffs-in-Counterclaim Stephanie Suzanne Kasanof (hereinafter "Defendant") as follows:

1.  The Plaintiffs deny the allegations contained in Paragraph 1 of the Counterclaim.

2. The Plaintiffs deny the allegations contained in Paragraph 2 of the Counterclaim.

3. The Plaintiffs deny the allegations contained in Paragraph 3 of the Counterclaim.

4. The Plaintiffs deny the allegations contained in Paragraph 4 of the Counterclaim.

5. The Plaintiffs deny the allegations contained in Paragraph 5 of the Counterclaim

6. The Plaintiffs deny the allegations contained in Paragraph 6 of the Counterclaim.

7. The Plaintiffs deny the allegations contained in Paragraph 7 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Defendant by her acts and conduct is estopped from asserting that the Plaintiffs owe the Defendant anything.

### Second Affirmative Defense

The Plaintiffs state that the allegations of the Defendant as stated in her Counterclaim and monies sought are barred by their falsity.

### Fourth Affirmative Defense

The Plaintiffs deny that the Defendant is a third party beneficiary of any contracts as alleged or that she "enjoy any advantageous contractual relationship with defendants TIAA and TIAA-CREF".

### Fifth Affirmative Defense

The alleged contracts with TIAA and TIAA-CREF as asserted by the Defendant are void for failure of consideration.

### Sixth Affirmative Defense

The Plaintiffs state that there was a novation entered into by mutual agreement whereby the Defendants extinguished any rights as a third party beneficiary.

### Seventh Affirmative Defense

The Plaintiffs states that the Defendant has released any and all claims which are the basis of her Counterclaim.

### Eight Affirmative Defense

The Defendant's Counterclaim must be dismissed because of unclean hands.

### Ninth Affirmative Defense

The Plaintiffs state that the Defendant has waived any claims as asserted in her Counterclaim.

Respectfully submitted,

MATTHEW TORDA,
ANNA TORDA AND JOSEPH TORDA,
By their attorneys,
RUDOLPH FRIEDMANN LLP

_____
James S. Singer
BBO # 464560
92 State Street
Boston, MA 02109
617-723-7700

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on this 5th day of May, 2004.

_____
James S. Singer