UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04E-0026-GA1

MATTHEW TORDA, ANNA
TORDA and JOSEPH TORDA,

    Plaintiffs,

v.

STEPHANIE SUZANNE KASANOF,
TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA, and COLLEGE
RETIREMENT EQUITIES FUND

    Defendants.

## ANSWER AND COUNTERCLAIM OF STEPHANIE SUZANNE KASANOF TO FIRST AMENDED COMPLAINT

    Now comes the defendant Stephanie Suzanne Kasanof (hereinafter "Kasanof") and answers each numbered paragraphs of the complaint as follows:

    1.    Paragraph 1 of the complaint, entitled "Introduction", does not contain matter requiring an answer.

    2.    The defendant Kasanof is without information sufficient to affirm or deny the allegations of paragraph 2 of the complaint.

    3.    The defendant Kasanof is without information sufficient to affirm or deny the allegations of paragraph 3 of the complaint.

4. The defendant Kasanof is without information sufficient to affirm or deny the allegations of paragraph 4 of the complaint.

5. The defendant, whose name is Stephanie Suzanne Kasanof, and who is not known by any of the other variants set forth in paragraph 5 of the complaint, is an individual residing at 249 E. 48 Street, New York, New York.

6. The defendant Kasanof is without information sufficient to affirm or deny the allegations set forth in paragraph 6 of the complaint. She is informed and believes, and therefore avers, that the defendant TIAA is a Delaware corporation with a principal office in New York.

7. The defendant Kasanof is without information sufficient to affirm or deny the allegations set forth in paragraph 7 of the complaint. She is informed and believes, and therefore avers, that the defendant TIAA-CREF is a Delaware corporation with a principal office in New York.

8. Admitted, with the exception of the term "short-term" which is argumentative surplusage.

9. Admitted, with the exception of the word "however", which is argumentative surplusage.

10. Admitted.

11. The defendant Kasanof admits that she entered into a separation agreement with her late husband and that a true copy is attached to the complaint. Further answering, the defendant Kasanof says the agreement speaks for itself.

12. The defendant Kasanof admits that both she and her late husband were represented by counsel in connection with the drafting and signing of the separation

agreement. Further answering, the defendant Kasanof says that the agreement speaks for itself.

13. The defendant Kasanof denies that either she or her late husband did anything "[i]n recognition of the parties' short-term marriage". Further answering, the defendant Kasanof says the agreement speaks for itself.

14. The defendant Kasanof admits that at the time of his death, her late husband was the owner of the insurance policy and the annuities, but denies that these were personal property of his within the meaning of the separation agreement. The defendant Kasanof denies that she waived her interest in either the insurance policy or the annuities.

15. Denied.

16. The defendant Kasanof is without information sufficient to affirm or deny the allegations contained in paragraph 16 of the complaint.

17. The defendant Kasanof admits that the plaintiffs asserted their claim to the insurance policy and the annuities in correspondence with the other defendants, and that the other defendants have, as a consequence, refused to pay over the insurance policy and the annuities to the rightful beneficiary, namely the defendant Kasanof. The balance of the allegations contained in paragraph 17 are denied.

18. The allegations of paragraph 18 of the complaint are not such as to require and answer.

19. Denied.

20. The allegations of paragraph 20 of the complaint are not such as to require and answer.

21. Denied.

AND FURTHER ANSWERING, the defendant Kasanof says that the complaint does not state a claim upon which relief may be granted.

WHEREFORE, the defendant Kasanof prays that the complaint may be dismissed and that she recover her costs of suit.

## COUNTERCLAIM

1. The plaintiffs (the defendants-in-counterclaim) have at all times known that the defendant (the plaintiff-in-counterclaim) is the named beneficiary under both the insurance policy and the annuities.

2. Since there was no specific waiver of the plaintiff-in-counterclaim's interest in both the insurance policy and the annuities, she remains the beneficiary entitled to the proceeds of both.

3. The defendants-in-counterclaim have no colorable claim to the proceeds of the insurance or of the annuities.

4. The plaintiff-in-counterclaim, as a third-party beneficiary of both the insurance and annuity contracts, enjoys an advantageous contractual relationship with the defendants TIAA and TIAA-CREF.

5. The defendants-in-counterclaim have at all times been aware of the plaintiff-in-counterclaim's contractual relationship with the defendants TIAA and TIAA-CREF.

6. By asserting their groundless claim to the proceeds in their correspondence to the defendants TIAA and TIAA-CREF, the defendants-in-

counterclaim have deliberately interfered with the advantageous contractual relationship of the plaintiff-in-counterclaim.

7. The plaintiff-in-counterclaim has suffered damage as a result of the said interference.

WHEREFORE, the plaintiff-in-counterclaim prays:

1. That judgment enter in her favor and against the defendants-in-counterclaim for the amount of her damages.

2. That she be awarded her costs of suit, including reasonable attorneys' fees.

3. For such other and further relief as to the Court seems meet and just.

By her attorneys,

Joel Z. Eigerman
BBO #152000
50 Congress Street, Suite 200
Boston, MA 02109
(617) 367-0014

Sandra Steele, Esq.
BBO #477900
44 School Street, 6th Floor
Boston, MA 02108
(617) 523-0666

June 23, 2004

June 23, 2004

## CERTIFICATE OF SERVICE

I, Joel Z. Eigerman, hereby certify that I served a copy of the foregoing Answer and Counterclaim to the First Amended Complaint upon the parties in this action by mailing the same, postage pre-paid, to their respective attorneys, James S. Singer, Esquire, 92 State Street, Boston, MA 02109 and Jon C. Cowen, Esquire, Posternak, Blankstein & Lund, 100 Charles River Plaza, Boston, MA 02114, this 23rd day of June 2004.

_____
Joel Z. Eigerman