UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10622-NMG

MATTHEW TORDA, ANNA TORDA
and JOSEPH TORDA,
                  Plaintiffs,

v.

STEPHANIE SUZANNE KASANOF
a/k/a STEPHANIE KAGARNOF
a/k/a STEPHANIE KASANOT
a/k/a STEPHANIE TORDA a/k/a
STEPHANIE S. KATZ, TEACHERS
INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, and
COLLEGE RETIREMENT EQUITIES
FUND,
                  Defendants.

**ANSWER OF DEFENDANTS TEACHERS INSURANCE
AND ANNUITY ASSOCIATION OF AMERICA and COLLEGE
RETIREMENT EQUITIES FUND TO FIRST AMENDED COMPLAINT**

Defendants, Teachers Insurance and Annuity Association of America, and College Retirement Equities Fund (collectively, "Defendants" or "TIAA-CREF"), by and through their attorneys, answer the allegations in the First Amended Complaint of the plaintiffs, Mathew Torda, Anna Torda, and Joseph Torda (collectively, "Plaintiffs"), as follows:

1.      In answering Paragraph 1, Defendants admit, on information and belief, that the Plaintiffs are the three (3) children of the late Walter Ira Torda ("decedent"), that the decedent died on November 17, 2003, and that the decedent and Stephanie Suzanne Kasanof entered into a Separation Agreement dated July 25, 2003, which speaks for itself. To the extent that the remainder of Paragraph 1 contains statements or conclusions of law, no answer is required.

ID # 400078v01/3060-22/ 07.14.2004

2.   The Defendants have insufficient information to either admit or deny the allegations in Paragraphs 2, 3, 4, 5, 8, 9, and 10.

3.   The Defendants admit the allegations in Paragraphs 6, 7, 16 and 19.

4.   In answering Paragraph 11, the Defendants admit that the decedent and Stephanie Suzanne Kasanof entered into a Separation Agreement dated July 25, 2003. Further answering, the Defendants state that the Separation Agreement speaks for itself.

5.   In answering Paragraph 12, the Defendants have insufficient information to either admit or deny the allegations in the first sentence. In regard to the remaining allegations of Paragraph 12, the Defendants state that the Separation Agreement speaks for itself.

7.   In answering Paragraph 13, the Defendants state that the Separation Agreement speaks for itself.

8.   In answering Paragraph 14, the Defendants admit that at the time that the decedent and Stephanie Suzanne Kasanof entered into a Separation Agreement , the decedent owned a TIAA life insurance policy (no. 07654676) and TIAA-CREF annuities, listed under Contract Nos. L0567747, M0567745, 26172346, 16172348, 28886372 and 18886374. The Defendants state that the decedent had formerly purchased annuity contracts from TIAA-CREF listed under Contract Nos. B7832575, K6800656, Q7832572, and J6800658, but that these annuity contracts were depleted of all funds by the decedent prior to his death. The Defendants have insufficient information to either admit or deny the allegation regarding the decedent's ownership interest in a Smith Barney Citigroup individual retirement account. To the extent that the remainder of Paragraph 14 makes conclusions of law, no response is required.

9.   In answering Paragraph 15, the Defendants admit that Stephanie Suzanne Kasanof has claimed an interest in the TIAA life insurance policy and TIAA-CREF annuity contracts

ID # 400078v01/3060-22/ 07.14.2004

purchased by Walter Ira Torda. To the extent that the remainder of Paragraph 15 makes conclusions of law, no response is required.

10. In answering Paragraph 17, the Defendants admit the allegations contained in the first two sentences. The Defendants have insufficient information to either admit or deny the remaining allegations in Paragraph 17.

11. The Plaintiffs make no allegations regarding issues of fact or law in Paragraphs 18 and 20 of his complaint and therefore no response is required. To the extent that a response is required, the Defendants refer to the answers to the individually numbered paragraphs as set forth therein.

12. To the extent that Paragraph 21 makes a conclusion of law, the Defendants state that no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Any claims made by the Plaintiffs under Massachusetts or any law other than the Employee Retirement Income Security Act ("ERISA"), are pre-empted by the terms of ERISA, 29 U.S.C. §1144(a).

### Third Affirmative Defense

The Defendants' decision to deny any of the proceeds under the contracts at issue is subject to review, if at all, only on the basis of whether TIAA-CREF acted arbitrarily or capriciously. TIAA-CREF did not do so.

### Fourth Affirmative Defense

In light of the competing claims for the benefits available under that certain life insurance policy and annuity contracts purchased by the decedent, and the Defendants' resulting exposure to double or multiple liability, TIAA-CREF is entitled to deposit the disputed funds in a court-approved interest-bearing account or invest the funds in a court-approved interest-bearing instrument (after deducting its costs, expenses and attorneys' fees) and to be thereafter dismissed from this litigation.

WHEREFORE, TIAA-CREF respectfully requests that the Court enter the following relief:

(a)  Dismissing the Plaintiffs' Complaint, with prejudice;

(b)  In the alternative, granting TIAA-CREF's request for interpleader set forth in TIAA-CREF's cross-claim and counterclaim;

(c)  Awarding TIAA-CREF its costs, expenses and attorneys' fees;

(e)  Granting TIAA-CREF permission to deposit into Court the proceeds of the Insurance Policy and the Annuity Contracts;

(f)  Permitting TIAA-CREF to deduct, pro rata from the proceeds of the Insurance Policy and/or the Annuity Contracts, its legal expenses and costs and expenses incurred in connection with this interpleader action or, alternatively, that no distribution of any of the proceeds from the Insurance Policy or the Annuity Contracts may occur until TIAA-CREF has first been reimbursed its attorneys' fees, costs and expenses incurred in connection with the interpleader action; and

(g)  Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA and COLLEGE
RETIREMENT EQUITIES FUND,
By their attorneys,

Dustin F. Hecker, BBO #549171
Jon C. Cowen, BBO #552961
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199

### CERTIFICATE OF SERVICE

I, Jon C. Cowen, do hereby certify that on this 15th day of July, 2004, I served a copy of the within document via first class mail, postage prepaid upon the following:

**Plaintiffs' Attorney:**
James S. Singer, Esq.
Rudolph Friedmann, LLP
92 State Street
Boston, MA 02109

**Co-Defendant Stephanie Suzanne Kasanof:**
Joel Z. Eigerman, Esq.
50 Congress Street, Suite 200
Boston, MA 02109

Sandra Steele, Esq.
44 School Street, 6th Floor
Boston, MA 02108

Jon C. Cowen

ID # 400078v01/3060-22/ 07.14.2004