UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04E-0026-GCF

MATTHEW TORDA, ANNA TORDA and JOSEPH TORDA,

   Plaintiffs,

v.

STEPHANIE SUZANNE KASANOF, TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, and COLLEGE RETIREMENT EQUITIES FUND

   Defendants.

### MEMORANDUM OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM STEPHANIE SUZANNE KASANOF IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT

Statement of Undisputed Facts.

1.   The defendant and plaintiff in counterclaim, Stephanie Suzanne Kasanof (hereinafter Kasanof), is a resident of New York, New York.  She was married to Walter Ira Torda (hereinafter Torda) on September 15, 2000.  During the marriage, the couple lived in Brookline, Massachusetts.

2.   On or about March 25, 2003, a complaint of divorce was filed by Kasanof in the Norfolk Probate and Family Court.  Torda filed an answer on or about April 29, 2003.

3.   On or about July 25, 2003, Kasanof and Torda entered into a separation agreement, a true copy of which is attached to the amended complaint.  The separation

1

agreement provides, *inter alia*, that it shall be submitted to the court in connection with the divorce proceeding, and that the parties to it will ask the court to incorporate the terms of the agreement in the divorce judgment; but that notwithstanding such incorporation, the agreement will remain in full force and effect as an independent contract. (Article V.)

4.  The agreement also provides that the parties thereto waive their rights to elect to take against any last will made by the other, and waive "all and every interest…in or to any real or personal property of the other…This provision, however, shall not act as a waiver of any gift or devise which a party shall make to the other hereafter." (Article II.)

5.  At the time of his death, Torda was covered by a term life insurance policy as an incident of his employment, which policy was issued by the defendant TIAA-CREF. The face amount of the benefit under the insurance policy is $750,000.

6.  At the date of death of Torda, the beneficiary under the insurance policy described in the previous paragraph was Kasanof.

7.  At the time of his death, Torda was also entitled to the benefits of a retirement plan, including an annuity and an IRA, as an incident of his employment. The retirement plan was held and administered by the defendant TIAA-CREF.

8.  At the date of death of Torda, Kasanof was a named beneficiary of a percentage of the pension and IRA benefits.

9.  Torda died on November 17, 2003, prior to any final court action on the parties' contemplated divorce. At the time of his death, Kasanoff and Torda were still married.

10. The plaintiffs are the children of Torda by a prior marriage.

beneficiary of a life insurance policy. *See* Supp. Probate Court Rule 411, Automatic Restraining Order.

Analagously, in 1990, Section 34 of Chapter 208 was amended to provide expressly for the inclusion of life insurance and pension benefits in the divisible marital estate. St.1990, c. 467. The Massachusetts courts, however, have several times ruled that this amendment did not change prior law but merely codified it. *See e.g. Moriarty v. Stone*, 41 Mass.App.Ct. 151, 156-157 (1996); *Feathler v. Feathler*, 33 Mass.App.Ct. 924, 925 n. 1 (1992); The statutory change, therefore, did not remove the necessity of specifying any renunciation of an interest in insurance or pension proceeds in the divorce judgment or settlement agreement. This follows because the rationale of the rule, which treats insurance and pension benefits not as a present asset but as a mere conditional expectancy, is that where the insured retains the power to designate the beneficiary his failure specifically to exclude his (former) spouse's interest or to change the designation is taken as proof of his intention to benefit the (former) spouse. *Gleed v. Noon*, 415 Mass. 498, 500 (1993); *also Paige v. Paige*, 1999 WL 1319004 (Mass.Super.1999), quoting *Gleed*; citing *Lindsey v. Lindsey*, 492 A.2d 396 (1985)

Here, the decedent, who was represented by counsel in the negotiation of the settlement agreement, must be presumed to have known that in order to exclude the defendant (the plaintiff-in-counterclaim) from an interest in the insurance proceeds he was required either to include an express waiver in the agreement or to change the beneficiary. He did neither. While the automatic injunction provided by Probate Rule 411 would have necessitated obtaining leave of court to change the beneficiary, he did not make any attempt to do so in the four and one-half months between the signature on

## CERTIFICATE OF SERVICE

I, Joel Z. Eigerman, hereby certify that a copy of the foregoing Motion for Partial Summary Judgment and the accompanying memorandum was served upon all counsel of record via first class mail, postage prepaid, this 16th day of September, 2004.

Joel Z. Eigerman
BBO #152000
50 Congress Street, Suite 200
Boston, MA 02109
(617) 367-0014