UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSSACHUSETTS

MATTHEW TORDA, ANNA TORDA, )
and JOSEPH TORDA, )
                Plaintiffs, )
                                  )
vs.                                   )        Civil Action No. 04-10622-NMG

STEPHANIE SUZANNE KASANOF, )
TEACHERS INSURANCE AND )
ANNUITY ASSOCIATION OF )
AMERICA and COLLEGE RETIREMENT )
EQUITIES FUND, )
                Defendants. )

## PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING ADJUDICATION AS TO THE VALIDITY OF THE SEPARATION AGREEMENT AT ISSUE IN THIS ACTION

Plaintiffs Matthew Torda, Anna Torda and Joseph Torda ("Plaintiffs") hereby move this Court to stay this action, including any future proceedings at this time regarding the Motion of Defendant and Plaintiff in Counterclaim Stephanie Suzanne Kasanof for Partial Summary Judgment ("Motion for Partial Summary"), pending a final adjudication as to the validity of a separation agreement, the interpretation of which is at issue in this case. As discussed below, the Probate and Family Court Department, Norfolk Division ("Norfolk Probate Court") presently has scheduled a trial for November 3, 2004, concerning the validity of the Separation Agreement.

In support of their Motion, the Plaintiffs state:

Civil Action No. 04-10622-NMG1

1. The instant action involves the interpretation of a Separation Agreement ("Agreement") entered into by and between Stephanie Kasanof and Walter Torda ("Torda").

2. Kasanof and Torda were married on September 15, 2000 and separated on or about September 17, 2002. Kasanof filed a Complaint for divorce in the Norfolk Probate Court on March 25, 2003. On July 25, 2003, Kasanof and Torda executed the Agreement. Both parties were represented by counsel in conjunction with the negotiations of the Agreement. Torda died before the divorce was ever finalized.

3. The Plaintiffs in this action are Torda's children from Torda's first marriage. The Plaintiffs commenced this action in Norfolk Probate Court on March 15, 2004, seeking a declaratory judgment and the establishment of a constructive trust concerning certain provisions of the Agreement regarding life insurance, annuities and an IRA (hereinafter collectively referred to as "benefits").[1] The Plaintiffs assert in this action, *inter alia*, that Kasanof waived her rights as a beneficiary of the benefits pursuant to the Agreement.

4. Kasanof removed the Norfolk Probate Court action to this Court based on diversity, and filed her answer and counterclaim. In her answer, Kasanof denied she waived in the Agreement her rights as a beneficiary regarding the benefits, but she never contested the validity of the Agreement itself.

5. Kasanof recently filed in this action her Motion for Partial Summary Judgment, again not contesting the validity of the Agreement, but instead arguing that she did not waive her rights as beneficiary pursuant to the terms of the Agreement.

---

[1] The Complaint was subsequently amended to correct the names of certain parties and other non-substantive matters.

6.  Concurrently while this action has been pending the administration of Estate of Walter Toda, ("Estate") (Docket No. 04P0020AD) has been on-going in the Norfolk Probate Court. In conjunction with the appointment of an Administrator of the Estate, Kasanof raised the issue as to the enforceability of the Agreement.[2] The Norfolk Probate Court then scheduled a pre-trial conference regarding the appointment of the administrator. In her Pre-Trial Memorandum, Kasanof stated, "Stephanie [Kasanof] contends that the separation agreement is null and void since the deceased did not make full disclosure ...." (A copy of the Kasanof Pre-Trial Memorandum is attached hereto and incorporated herein as Exhibit "1". See Section C, 2nd ¶)

7.  The Norfolk Probate Court has set a trial date of November 3, 2004, on the contested issue of the appointment of an administrator of the Estate, where the underlying issue is whether the Agreement is "null and void". (See Exhibit "2"). If the Norfolk Probate Court determines that the Agreement is "null and void", which the Plaintiffs strongly dispute, and said decision becomes final after all appeals, it will be unnecessary for this Court to decide Kasanof's Motion for Partial Summary Judgment, in that said motion and Plaintiffs' claim for declaratory judgment are based upon the validity of the Agreement and the terms contained therein.[3]

8.  For reasons of judicial economy, the Norfolk Probate Court trial should proceed first, in that if it is determined that the Agreement is "null and void", then it would be unnecessary for this Court to decide the issues raised in Motion for Partial Summary

---

[2] The issue arose when the Special Administrator of the Estate moved to strike Kasanof's objection to the appointment of the Administrator based on the fact that under the Agreement Kasanof waived any claim to Torda's estate.

[3] The Special Administration may seek to have Kasanof's claim as to validity of the Agreement stricken from the Norfolk Probate Court proceedings, or in the alternative have the trial continued to allow for discovery.

3

Judgment, which again are based upon the enforceability of the Agreement. Otherwise, this Court's resources could unnecessarily be utilized to hear and decide this case based on interpretation of the Agreement, only to later have another court determine the Agreement itself is "null and void".

For the reasons set forth above, the Plaintiffs respectfully request that the Court allow this Motion and issue an Order:

(a) Staying all proceedings in the instant case, pending a final adjudication by the Norfolk Probate Court or other court of competent jurisdiction as to the validity of the Agreement; and

(b) Plaintiffs' counsel shall notify this Court's Courtroom Deputy as to status of the Norfolk Probate Court proceeding and any rulings rendered concerning the Agreement at issue in order to schedule a conference as to what further proceedings are necessary and appropriate in this matter.

Matthew Torda,
Anna Torda and Joseph Torda,
By their attorneys,
RUDOLPH FRIEDMANN LLP

_____                     _____
Date                                    James S. Singer
                                        BBO # 464560
                                        92 State Street
                                        Boston, MA 02109
                                        617-723-7700

## Local Rule 7.1 Certification

I, hereby certify that I have conferred with the other counsel in this matter and have attempted in good faith to resolve or narrow the issue set forth in the foregoing motion.

_____
James S. Singer

## Certificate of Service

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on this ____ day of October, 2004.

_____
James S. Singer

**EXHIBIT "1"**

Case 1:04-cv-10622-NMG   Document 23   Filed 10/12/2004   Page 6 of 11

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.  
COURT

PROBATE & FAMILY

DOCKET # 04P0020AD

Judith Jarashow,  )
          Plaintiff  )
v.  )   PRE-TRIAL MEMORANDUM
Stephanie Kasanof,  )
          Defendant.  )

Pursuant to Order of this Court the Defendant, Stephanie Kasanof, herewith submits her memoranda.

A. There was no meeting between the parties due to the Defendant's severe physical handicap and due to the fact that there are still pending cases in other courts. Ms. Kasanof has severe multiple sclerosis and is unable to leave her apartment in New York for long periods of time if at all. The Defendant's Counsel was away for 10 days in July and then the Plaintiff was away. Attorneys on associated matters, who are necessary participants, have a meeting scheduled on the day of the pre-trial. The Plaintiff refused to reschedule the pre-trial until after this meeting.

The unresolved issue of law is that the Plaintiff cannot serve as administrator since she has a conflict of interest.

B  Not applicable.

C. The Estate of Walter Torda is presently pending in Norfolk with the Plaintiff as Special Administrator. Walter Torda and the Defendant, Stephanie Kasanof, were married. They had commenced a divorce action but never finalized their divorce. They had entered into a separation agreement but the agreement was never approved by the court nor were financial statements executed by the parties or filed. When Mr. Torda died he left an insurance policy in the Defendant's name and part of his pension plan.

There is an action pending in Federal Court wherein the issue of Walter Torda seek to divest the widow of her rights to the insurance proceeds and the pension plan. Stephanie contends that the separation agreement is null and void since the deceased did not make full disclosure and the therefore she is entitled to her statutory share of his estate.

The Plaintiff has and does represent the deceased's issue. If she were appointed administrator she would represent the interest (if any) of the widow and creditors of the deceased as well as the issue.

D. All discovery is completed.

E. At this time the Defendant expects to call the attorneys of record in the pending Federal case. The Defendant reserves her right to add additional witnesses with due notice.

F. At this time the Defendant does not have a definitive list. Exhibits will include court filings in the divorce and federal action.

G. None

H. None.

I. Two hours.

J. None

                              Respectfully Submitted,
                              Stephanie Kasanof,
                              By Her Attorney,

                              Sandra C. Steele, BBO #477900
                              44 School Street, 6th floor
                              Boston, MA  02108
                              (617) 523-0666

**EXHIBIT "2"**

## Commonwealth of Massachusetts
## The Trial Court
## Probate and Family Court Department

**Norfolk Division**                                                   Docket No. 04P0020AD

In Re: Estate of Walter Torda

### ORDER AFTER PRE-TRIAL CONFERENCE

Following a Pre-Trial Conference before me this day it is Ordered that:

1. The parties shall comply with the terms of their Stipulation dated September 9, 2004 which is incorporated herein.

2. Trial on the contested issue of the appointment of an administrator in the above referenced estate shall be heard for one day on Wednesday, November 3, 2004 at 9:00 A.M.

3. At the beginning of trial counsel shall present Memoranda of Law in support of their respective positions.

September 9, 2004                                          _____
Date                                                       Angela M. Ordonez, Justice