UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10622-NMG

MATTHEW TORDA, ANNA
TORDA and JOSEPH TORDA,

Plaintiffs,

v.

STEPHANIE SUZANNE KASANOF,
TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA, and COLLEGE
RETIREMENT EQUITIES FUND

Defendants.

## OPPOSITION OF THE DEFENDANT AND PLAINTIFF-IN-COUNTERCLAIM STEPHANIE KASANOF TO THE PLAINTIFFS' MOTION TO STAY PROCEEDINGS

1.      Judicial economy will not be served by a stay in proceedings in the present action. The pending motion for partial summary judgment turns on a pure (and highly limited and pellucidly clear) issue of law. Its resolution will be much simpler and faster than the outcome of the Probate Court action. Both parties have briefed the summary judgment issue. The plaintiffs have argued that there are facts surrounding the issuance of the insurance policy and annuity contract which will determine whether they are covered by ERISA, and that discovery is therefore necessary. This is off the point. Even if the decedent's insurance and pension benefits are governed by ERISA, which the defendant Kasanof has always presumed, she has not waived her interest because ERISA looks to *state law* to determine the question, and under Massachusetts law there has been

1

no waiver. *Fox Valley & Vicinity Constr. Wrkrs. Pension Fund v. Brown*, 897 F.2d 275 (7th Cir. 1990); *McMillan v. Parrott*, 913 F.2d 310 (6th Cir. 1990); *Wennett v. Capone*, 1996 WL 91931 (Mass. Superior Ct., 1996; copy attached). The matter is thus ripe for immediate adjudication.

    2. Contrary to the plaintiffs' assertions, the pending motion for partial summary judgment is not "based upon the validity" of the separation agreement. It is the defendant Kasanof's position, that *even if* the agreement is valid, it does not affect her entitlement to the proceeds of the insurance policy and the pension funds as to which she is the designated beneficiary. That position is based upon black letter Massachusetts law which is reflected in the memorandum supporting the motion for partial summary judgment. The motion, however, is for *partial* summary judgment, so that the determination of the issue raised in it may not end the present action in any event. Thus, while the resolution of the pending motion will not obviate the Probate Court action, no matter how it comes out, by the same token the decision in the Probate action will not end this case.

    3. There is little likelihood, let alone probability, that the Probate Court action will resolve the narrow question presented by the present motion in a reasonable time, if at all. The question here is whether the defendant Kasanof is entitled to the proceeds of the insurance and pension funds whether or not the separation agreement is valid. The defendant Kasanof is seriously ill with multiple sclerosis and unable to work. Her need for immediate funds is in fact desperate. If the Probate Court should find that the separation agreement is valid, such a finding will only come after a trial on the merits and after whatever delay is required for the judge there to write findings and an order for judgment—a process likely to take months, even if the trial is held on the date now

specified. In that event, the issue of Kasanof's entitlement to the insurance and pension proceeds will remain unresolved.

But there is every likelihood that the issue *will not even arise* in the Probate proceeding. The plaintiffs here acknowledge that the Special Administrator, who is the party opposing the defendant Kasanof in the Probate action, "…may seek to have Kasanof's claim as to the validity of the Agreement stricken from the …Probate Court proceedings and have the trial continued to conduct discovery." The present plaintiffs are not the Administrator, and presumably do not control her. According to the Probate Court's Order after Pre-Trial Conference, attached to the Motion to Stay as Exhibit 2, the sole issue for trial is the appointment of the Administrator, not the validity of the separation agreement. There is consequently no certainty that the Probate action will resolve the issue raised by the motion for partial summary judgment. What is certain is that if action on the motion is stayed in this Court, the resolution of an issue now ripe for determination, and which would result in the defendant Kasanof's immediate entitlement to money she sorely needs, will be delayed for several months at best, and possibly far longer.

4. The present motion, like this action itself, is purely dilatory. It asks that this Court stay its proceedings until another court, in an action between different parties, may *or may not* address a different issue, which issue, only if it is resolved in one of two possible ways, will obviate *part* of the present action. The Court should be reminded that this action was originally brought by the plaintiffs, precisely to resolve the question of the defendant Kasanof's entitlement to the insurance and pension proceeds. The defendant Kasanof has always maintained that this action was ill-founded to the point of

3

frivolousness, given the clarity of Massachusetts law on the point, and has counterclaimed for interference with her advantageous relationship with the insurer. Now that the central issue in this dispute is approaching an appropriate disposition—on summary judgment, as it is a pure matter of law—the plaintiffs want to whisk it away from this Court into another forum where it may be compounded with a wealth of other issues and its inevitable outcome delayed until the defendant Kasanof, whose condition is indeed precarious, is forced to compromise her plain entitlement. This Court should not indulge the plaintiffs in this quest.

By her attorneys,

Joel Z. Eigerman
BBO #152000
50 Congress Street, Suite 200
Boston, MA 02109
(617) 367-0014

Sandra Steele, Esq.
BBO #477900
44 School Street, 6th Floor
Boston, MA 02108
(617) 523-0666

October 13, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I have served the above opposition on all parties by mailing a copy thereof, postage prepaid, to all counsel of record, this thirteenth day of October, 2004.



Joel Z. Eigerman