UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10622-NMG

MATTHEW TORDA, ANNA TORDA
and JOSEPH TORDA,
                Plaintiffs,

v.

STEPHANIE SUZANNE KASANOF
a/k/a STEPHANIE KAGARNOF
a/k/a STEPHANIE KASANOT
a/k/a STEPHANIE TORDA a/k/a
STEPHANIE S. KATZ, TEACHERS
INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA, and
COLLEGE RETIREMENT EQUITIES
FUND,
                Defendants.

**CONDITIONAL OPPOSITION OF TEACHERS INSURANCE
AND ANNUITY ASSOCIATION OF AMERICA and COLLEGE
RETIREMENT EQUITIES FUND TO: (1) STEPHANIE
KASANOF'S MOTION FOR SUMMARY JUDGMENT;
AND (2) PLAINTIFFS' MOTION TO STAY PROCEEDINGS**

Defendant and counterclaim/crossclaim plaintiffs Teachers Insurance and Annuity Association of America, Inc. and College Retirement Equities Fund (collectively, "TIAA-CREF") are purely disinterested stakeholders in this dispute between the moving parties over certain insurance proceeds and annuity funds presently being held by TIAA-CREF. TIAA-CREF previously moved to deposit the funds in Court, in order to discharge itself from any continuing involvement in this matter. Although unopposed, the Motion to Deposit Funds has never been acted upon. The time is now ripe to permit TIAA-CREF to deposit the funds it is holding in Court (or with some other depository agreed to by the litigants or ordered by the

ID # 409040v01/3060-22/ 10.20.2004

Court), and to dismiss TIAA-CREF from the litigation. Under controlling case law, because its only role is one of a disinterested stakeholder, TIAA-CREF is entitled to recover the legal fees and administrative costs incurred in connection with this dispute, and to deduct those expenses from the proceeds of the funds it is holding.

TIAA-CREF takes no position on either (i) defendant Stephanie Kasanof's Motion for Partial Summary Judgment; or (ii) plaintiffs Matthew Torda, Anna Torda and Joseph Torda (collectively, "Torda") Motion to Stay Proceedings. As the extensive briefs submitted by the moving parties demonstrate, Kasanof and Torda vehemently contest which of them is entitled to all or part of the proceeds of the life insurance policy ("Insurance") and annuity contracts ("Annuities") issued by TIAA-CREF to its deceased policyholder and annuitant, Walter Ira Torda which are the subject of this litigation. In fact, TIAA-CREF has admitted that either or both of Kasanof and Torda are entitled to the proceeds of both the Insurance and the Annuities. TIAA-CREF has asserted a counterclaim against Kasanof and a crossclaim against Torda precisely in order to interplead the funds it is holding, and to be resolved of further liability to either party.

On April 13, 2004, TIAA-CREF filed its Motion to Deposit Funds in Court. In that Motion, TIAA-CREF requested an Order allowing it to pay into Court the proceeds of the Insurance and Annuities (as the latter become due). TIAA-CREF further requested that the Court either permit TIAA-CREF to deduct, pro rata from the proceeds of the Insurance and the Annuities, its legal fees, expenses and other costs incurred in connection with this interpleader action or, alternatively, that the Court order that no distribution of any of the proceeds occur until TIAA-CREF has first been reimbursed its reasonable attorneys' fees, costs and expenses in connection with this interpleader action.

2

Because TIAA-CREF's status in this litigation is merely one of a disinterested stakeholder, as a matter of well-established common law, TIAA-CREF is entitled to be made whole for the costs, including attorneys' fees, which it has incurred in connection with its interpleader action. *Foxborough Savings Bank v. Petrosian*, 84 F.Supp.2d 172, 174 (D. Mass. 1999) (holding that the law regarding interpled funds and attorneys' fees and costs arising out of an interpleader action "is clear"; the general practice in this Circuit is that "[a]n interpleader fee is usually awarded out of the fund to compensate a totally disinterested stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own"), quoting *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962) *cert. den.* 373 U.S. 911, 83 S.Ct. 1300 (1963).

As long as TIAA-CREF remains an active party in this litigation, it will continue to accrue attorneys' fees, costs and expenses. For example, TIAA-CREF has been required to review and respond to Kasanof's Motion for Summary Judgment, and to Torda's Motion to Stay Proceedings. These continuing expenditures do not serve the interests of any of the parties to this litigation. TIAA-CREF should be permitted to deposit the funds it is holding in Court, and to be discharged from any further role in this litigation. Accordingly, TIAA-CREF respectfully requests the following relief:

(1) Whether or not the Court allows (i) Kasanof's Motion for Summary Judgment and/or (ii) Torda's Motion to Stay Proceedings, that the Court issue an Order allowing TIAA-CREF's previously filed Motion to Deposit Funds;

(2) That the Court issue an Order declaring that, as interpleader, TIAA-CREF is entitled to deduct, *pro rata* from the proceeds of the Insurance

and/or the Annuities, its legal fees, expenses and other costs incurred in connection with this interpleader action or, alternatively, that no distribution of any of the proceeds from the Insurance or the Annuities occur until TIAA-CREF has first been reimbursed its attorneys' fees, costs and expenses incurred in connection with the interpleader action, to be paid *pro rata* from the proceeds of the Insurance and/or the Annuities;

(3)   That TIAA-CREF be permitted to deposit the net proceeds of the Insurance and Annuities, after deduction of its legal fees, expenses and other costs incurred in connection with this interpleader action,[1] with the Court or some other depository agreed to by the litigants or ordered by the Court;

(4)   That upon deposit of the net proceeds of the Insurance and Annuities, TIAA-CREF be dismissed from this litigation with prejudice; and

(5)   Such other relief as the Court deems just and proper.

Respectfully submitted,
**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, INC. and COLLEGE RETIREMENT EQUITIES FUND,**
By their attorneys,

_____
Dustin F. Hecker, BBO #549171
John C. Cowen, BBO #552961
POSTERNAK BLANKSTEIN & LUND, LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
617/973-6100

---

[1] Should the Court deem it appropriate, TIAA-CREF is prepared to submit to the Court an accounting of the proceeds of the Insurance and the Annuities, as well as documents detailing TIAA-CREF's administrative costs, including its attorneys fees, incurred in connection with this action.

4

## CERTIFICATE OF SERVICE

    I, Jon C. Cowen, do hereby certify that on this 20TH day of October 2004, I served a copy of the within document via first class mail, postage prepaid upon the following: James S. Singer, Rudolph Friedmann, LLP, 92 State Street, Boston, MA 02109; and on Joel Z. Eigerman, Esq., 50 Congress Street, Suite 200, Boston, MA 02109.

                                                            Jon C. Cowen

ID # 409040v01/3060-22/ 10.20.2004