UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW TORDA, ANNA TORDA <br> and JOESEPH TORDA, <br><br>     Plaintiffs, <br><br> v. <br><br> STEPHANIE SUZANNE KASANOF a/k/a, <br> STEPHANIE KASANOF a/k/a <br> STEPHANIE TORDA a/k/a <br> STEPHANIE S. Katz, <br> TEACHERS INSURANCE AND ANNUITY <br>   ASSOCIATION OF AMERICA, and COLLEGE <br> RETIREMENT EQUITES FUND <br><br>     Defendants. | Civil Action No. 04-10622-NMG |

## PLAINTIFFS' REPLY TO THE RESPONSE OF DEFENDANT AND PLAINTIFF IN COUNTERCLAIM STEPHIE SUSANNE KASANOF TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The Plaintiffs Matthew Torda, Anna Torda and Joseph Torda ("Plaintiffs") hereby submit this memorandum in response to those issues raised in the Response Of Defendant and Plaintiff in Counterclaim Stephanie Suzanne Kasanof To Plaintiffs' Opposition To Motion For Summary Judgment ("Defendant's Response").

Civil Action No. 04-10622-NMG

The above quoted portion of the footnote has been reiterated by the courts in Wennett, Bergeron and Flinkstrom despite the fact that this principle only appears as dicta in Stiles, the Stiles court did not rely upon it when rendering its decision, and the Appeals Court only referred to it by way of explaining the rationale of the trial court's decision which was reversed on other grounds. This portion of the footnote, which again is not directly related to the Appeals Court's decision, should not be seen as creating a binding legal precedent carved in granite that the Defendant wishes it to be. Moreover, the issue before this Court is not whether the entry of a divorce decree in and of itself revokes a designation, but whether the parties who entered into a binding legal contract vis a vis their Separation Agreement intended that their agreement encompass a waiver by the Defendant to her husband's Benefits.

There is no dispute that the Separation Agreement contains general provisions evidencing the parties' intent to waive or relinquish all interests of any kind owned or hereafter acquired, and not to make any claims against others for alimony, support, maintenance, property, assignments, conveyances, transfers, or otherwise. It is also undisputed that the Separation Agreement does not specifically mention the Benefits. The issue at bar is whether a specific reference is required as a matter of law. Defendant submits that as a matter of law, based on footnote no.3 in Stiles, that specificity is so required.

The Wennett, Bergeron, and Flinkstrom cases quote the aforementioned footnoted language of the Stiles decision and apply it in their own fashion, but it is unclear how the Appeals Court in Stiles would have intended it to be applied if one were to accept the debatable proposition that they intended it to serve as legal precedent. That the application of the standard is not self evident is not surprising since the court in Stiles

conduct); See Dunkin Donuts Incorporated v. Panagkakos 5 F.Supp.2d 57 (D.Mass. 1998) (A finding of waiver must be premised upon clear, decisive and unequivocal conduct on the part of an authorized representative).

The clear, voluntary and knowing standard can be gleaned from the language in the progeny spawned by Stiles, since, as mentioned, Stiles never actually applied the standard itself. In Wennett the court states "[n] ow turning to the facts of the case before the Court, the Court finds that the language was *clear enough* to amount to a *voluntary* and specific waiver of rights" (emphasis supplied) See Wennett v. Capone, 4 Mass.L.Rptr, 1996 WL 91931 (1996) at p. 5. In Bergeron, the court utilizing the almost exact language stated, "[t] he court finds that the language of the divorce agreement was *clear enough* to amount a *voluntary* and specific waiver of rights." (emphasis supplied) See Bergeron v. Leslie 11 Mass.L.Rptr. 357, 2000 WL 537273 (2000) at p. 2. That the courts in Wennett and Bergeron mentioned the fact that the divorce decrees contained specific language referring to the designated assets in question is most likely because specific language referring to a designated asset is obviously good evidence or good indicia that the waiver was voluntary and knowing.

However, it does not follow from these lines of cases that in the absence of specific language referring to specific assets that the waiver "cannot" be voluntary and knowing. In fact, as mentioned earlier, it is well established in Massachusetts general contract law that a waiver need not be explicit to be valid, provided it is evidenced by clear, decisive, and unequivocal conduct. See KACT, Inc. v. Rubin, 62 Mass.App.Ct. 689 (2004) (When waiver is not explicit it must be premised on clear, decisive, and unequivocal conduct). In fact, in Flinkstrom, discussed in more length below, there was no specific reference to any designated policy, only a provision that required a husband to

maintain each of his four children as 25% beneficiaries of the current life insurance. The court found that signing a marital termination agreement, which was later incorporated into a divorce judgment that contained such language, amounted to a waiver by the wife. The Finklestrom court held that because the wife knew that children were designated as beneficiaries, she could not also be a beneficiary. This was certainly not a specific waiver of a particularly designated policy, but more akin, at best, to a "waiver by implication." This is particularly important in the instant case, where the Separation Agreement contained a type of integration clause that served as a general waiver to all claims not specifically mentioned in the Separation Agreement.

Flinkstrom is the most recent case to stem from the Stiles decision. Here, the court seemed to be aware that they were applying a nascent inchoate standard and therefore fleshed out the requirements of this standard in greater detail. The Plaintiffs beg the Court's indulgence as they quote from the decision at length. In discussing the standard, the Court stated:

> At least one court has declared that, however, the rule is stated, when a court 'evaluat[es] whether [a] waiver is effective in a given case, [it should be] more concerned with whether a reasonable person would have understood that she was waiving her interest in the proceeds or benefits in question than with any magic language contained in the language itself. FN 62 Melton 324 F.3d at 945-46; see Mohamed, 53 F.3d at 913-15 ("[A] property settlement entered into pursuant to a dissolution may divest former spouses of beneficiary rights in each other's life insurance policies, if the agreement makes it clear that the former spouses so intend.") The law in Massachusetts is not in conflict with the federal common law rule that has emerged. See Stiles v. Stiles, 21 Mass.App.Ct, 514, 487 N.E.2d 874, 875 n.3 (1986) ("Divorce does not revoke a designation of beneficiary unless the matter is expressly toughed upon in the divorce proceedings or the insurance contract so provides.") (emphasis supplied)

Id. at 41

6

It provides that Decedent 'shall maintain each of the [four] minor children as twenty-five ...percent beneficiaries of his current life insurance coverage issued by [GE] and/or death benefits...' Although the agreement does not use the terms 'waive' or 'waiver' when it addresses the insurance policy, Hall should have understood from the language of the agreement that it would act to divest her of her interest in that policy .. [since] she was aware that she had previously been designated as the primary beneficiary of the policy, she should have realized that she was waiving her status as primary beneficiary of the policy when she executed the agreement.

Id. 42, 43

The Plaintiffs submit that in the instant case the Defendant's waiver is significantly more compelling, and "specific" because the Separation Agreement uses the word "waiver" and uses general language to discuss a large variety of claims that the Defendant agrees not to pursue. It should be noted that Flinkstrom appropriately also applied a "should have known" standard.

There are several reasons why the clear, voluntary and knowing (or "should have known") standard should be utilized in the instant case. First, for the Defendant to agree in her Response "that a separation agreement is enforceable according to its plains terms like any other contract" (Defendant's Response p. 5), but to suggest that the Separation Agreement must include a specific waiver rather than a general waiver, flies in the face of standard Massachusetts contract interpretation in which general waivers are routinely enforced. Second, to suggest that if something is not specifically referred to by a contract than the contract cannot speak to it is an elevation of form over substance, since the long established goal of contract law is to uphold agreements between parties, not to punish one party for failing to adhere to some "technical" criteria and thereby allow one party to escape from beneath the contract's terms. Moreover, such an assertion does not comport with standard contract language which frequently relies on adjectival language such as "all," "none" "every," "forever," "never," or "always," which are general

qualifiers that lack specificity, nor with standard contract interpretation which commonly uses "integration" clauses to reflect the fact that the contract represent the entire agreement between the parties. In the instant case, Paragraph III of the Separation Agreement provides that the parties "...each hereby releases and forever discharges the other from any and all actions, suits, debts, claims, demands and obligations whatsoever..." while Paragraph IV is a standard integration clause that provides "[t] he Husband and Wife have incorporated into this agreement their entire understanding, and they each agree to accept the provisions set forth in this Agreement in full satisfaction and discharge of all claims, past, present, and future, which either party may have against the other, and which in any way arise out of the marital relationship." Third, the "clear, voluntary and knowing standard" is appropriate because it comports with Massachusetts law governing the waiver of a right, which is precisely what is at issue in the instant case --- the waiver by the Defendant to be a beneficiary of her husband's Benefits vis a vis her general waiver in the Separation Agreement.

One of the most recent cases to comprehensively articulate the law concerning waiver in Massachusetts is <u>Dunkin Donuts Incorporated v. Panagkakos,</u> 5 F.Supp.2d 57 (1998) in which the court stated that:

> *Waiver entails a factual determination* of whether Dunkin Donuts relinquished or intended to relinquish its contractual rights under the Franchise agreement. "The Massachusetts standard for waiver is an uncompromising one. A finding of waiver must be premised upon *'clear, decisive and unequivocal conduct on the part of an authorized representative* ... indicating it would not insist on adherence to the [agreement].'* <u>Paterson-Leitch Company, Inc. v. Massachusetts Electric, 840 F.2d 985, 992 (1st Cir. 1988),</u> quoting <u>Glynn v. City of Gloucester, 9 Mass.App.Ct. 454, 462. 401 N.E.2d 886 (1980)</u> (emphasis in original). <u>See also Cashman v. City of Boston, 190 Mass. 215, 218-219, 76 N.E. 671 (1906); Millen v. Boston 217 Mass. 471, 472-273, 105 N.E. 453 (1914); Lewis v Commonwealth, 332 Mass. 4,6, 122 N.E.2d 888(1954)</u> *Whether or not a waiver*

9

*has been effected is determined by an objective assessment of the conduct of the party asserted to have surrendered its contractual rights.* (emphasis supplied)

As the court in <u>Panagkakos</u> pointed out waiver is a factual determination, and certainly not one which a motion for summary judgment should resolve. The issue before this court is whether the Defendant waived her rights to Benefits in the Separation Agreement. In light of the fact that co-counsel Sandra Steele represented the Defendant in negotiating the Separation Agreement that included inter alia, a general waiver as well as a specific waiver not to pursue any claims against the Plaintiffs' estate, it is reasonable to conclude that the Defendant's waiver of her right to the proceeds of the Benefits was knowing and voluntary. At the very least, whether the Defendant did so knowingly and voluntarily is a question of fact, which should not be determined by a summary judgment motion.

For the foregoing reasons, as well as those set forth in its initial opposition, the Plaintiffs respectfully request that the Court deny the <u>Motion of Defendant and Plaintiff in Counterclaim Stephanie Suzanne Kasanof For Partial Summary Judgment</u>.

Matthew Torda, Anna Torda and
Joseph Torda,
By their attorney,
RUDOLPH FRIEDMANN LLP

James S. Singer
BBO # 464560
92 State Street
Boston, MA 02109
(617) 723-7700

Dated: 1/10/05

10

## Certificate of Service

I hereby certify that a true copy of the above document was served upon Attorney Eigerman (by hand) and Attorney Cowen (by mail) on this _10th_ day of January, 2005.

_____
James S. Singer