UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10622-NMG

| |
|---|
| MATTHEW TORDA, ANNA TORDA and JOSEPH TORDA, <br>                         Plaintiffs, <br><br> v. <br><br> STEPHANIE SUZANNE KASANOF a/k/a STEPHANIE KAGARNOF a/k/a STEPHANIE KASANOT a/k/a STEPHANIE TORDA a/k/a STEPHANIE S. KATZ, TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, and COLLEGE RETIREMENT EQUITIES FUND, <br>                         Defendants. |

**ASSENTED-TO MOTION OF TEACHERS INSURANCE
AND ANNUITY ASSOCIATION OF AMERICA and COLLEGE RETIREMENT
EQUITIES FUND FOR REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS;
AND FOR DISMISSAL OF ALL CLAIMS AGAINST THEM WITH PREJUDICE**

Defendant and counterclaim/crossclaim plaintiffs Teachers Insurance and Annuity Association of America, Inc. and College Retirement Equities Fund (collectively, "TIAA-CREF"), with the assent of all parties, hereby moves for the entry of an order, allowing reimbursement of the attorneys' fees and costs incurred by it in this matter, in the total amount of $8,871.90. TIAA-CREF further moves for a dismissal of all claims against it with prejudice, as it has fully discharged its obligations, as stakeholder, by paying all of the funds in dispute into Court. In support hereof, TIAA-CREF states as follows:

1.    On December 21, 2004, the Court (Dein, J.) issued an order allowing TIAA-CREF's Motion to Deposit Funds in Court. On December 30, 2004, in accordance with the

ID # 421977v01/3060-22/ 03.24.2005

order, TIAA-CREF deposited four (4) checks with the federal district court in the total amount of $902,424.01, representing the full amount of the life insurance proceeds and annuities in dispute, with interest accrued through December 31, 2004. TIAA-CREF is unaware of any additional funds being held by it for the benefit of Walter Ira Torda or his Estate.

2. The Court's December 21, 2004 order further provides that, "No distribution of the amounts paid into court shall be made until TIAA-CREF is paid the amount this court finds due for attorneys' fees, costs and expenses" and that, "TIAA-CREF may apply for reimbursement of such fees, costs and expenses by filing an appropriate motion with notice to all parties."

3. TIAA-CREF's status in this litigation is merely one of a disinterested stakeholder. As a matter of law, TIAA-CREF is entitled to be made whole for the costs, including attorneys' fees, which it has incurred in connection with its interpleader action. *Foxborough Savings Bank v. Petrosian*, 84 F.Supp.2d 172, 174 (D. Mass. 1999) (holding that the law regarding interpled funds and attorneys' fees and costs arising out of an interpleader action "is clear"; the general practice in this Circuit is that "[a]n interpleader fee is usually awarded out of the fund to compensate a totally disinterested stakeholder who has been, by reason of the possession of the fund, subjected to competing claims through no fault of his own"), quoting *Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962) *cert. den.* 373 U.S. 911, 83 S.Ct. 1300 (1963).

4. TIAA-CREF has previously forwarded a copy of the invoices for legal fees and expenses to counsel for the plaintiffs and the co-defendants, which total $8,871.90. Counsel have reviewed same and have indicated that they do not oppose TIAA-CREF's present Motion for Reimbursement of these fees and expenses.

5. By paying all of the funds in dispute into Court, TIAA-CREF has fully discharged its obligations as a stakeholder. There are no other claims that have been asserted by, or against, TIAA-CREF. Accordingly, there is no remaining unadjudicated claim against TIAA-CREF.

WHEREFORE, Teachers Insurance and Annuity Association of America, Inc. and College Retirement Equities Fund, with the assent of all parties, respectfully requests that the Court: (i) allow TIAA-CREF's Motion for Reimbursement of Attorneys' Fees and Costs; (ii) direct the clerk of the Court to pay TIAA-CREF the amount of $8,871.90, out of the funds deposited in an escrow account in this matter on or about December 30, 2004; and (iii) enter an order of dismissal of TIAA-CREF, with prejudice.

> Respectfully submitted,
> **TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, INC. and COLLEGE RETIREMENT EQUITIES FUND,**
> By their attorneys,
>
> _____
> Dustin F. Hecker, BBO #549171
> Jon C. Cowen, BBO #552961
> POSTERNAK BLANKSTEIN & LUND, LLP
> Prudential Tower, 800 Boylston Street
> Boston, MA 02199
> 617/973-6100

ASSENTED TO:

> MATTHEW TORDA, ANNA TORDA
> and JOSEPH TORDA
> By their attorney,
>
> _____
> James S. Singer, BBO #464560
> RUDOLPH FRIEDMANN LLP
> 92 State Street
> Boston, MA 02109
> 617-723-7700

STEPHANIE SUZANNE KASANOF
By her attorney

_____
Joel Z. Eigerman, BBO #152000
50 Congress Street, Suite 200
Boston, MA 02019
617-367-0014

### CERTIFICATE OF SERVICE

I, Jon C. Cowen, do hereby certify that on this 24th day of March 2005, I served a copy of the within document via first class mail, postage prepaid upon the following: James S. Singer, Rudolph Friedmann, LLP, 92 State Street, Boston, MA 02109, and on Joel Z. Eigerman, Esq., 50 Congress Street, Suite 200, Boston, MA 02109.

_____
Jon C. Cowen

4